J-S75001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD W. BERCH | |
| Appellant | No. 1617 EDA 2012 |

Appeal from the PCRA Order May 9, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0404442-1998,
CP-51-CR-0404702-1998

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 02, 2015**

Gerald W. Berch appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

Berch was convicted by a jury in February 2000[1] of two counts of robbery, two violations of the Uniform Firearms Act ("VUFA"), possession of instruments of crime ("PIC"), and criminal conspiracy.  On April 10, 2000, Berch was sentenced to an aggregate term of 36 to 72 years' imprisonment. His judgment of sentence was affirmed by this Court on May 16, 2001.  A substantial amount of procedural history followed, which is not relevant

---

[1] This was Berch's second trial in this case.  His initial judgment of sentence was reversed on appeal to this Court.

here. The instant petition, filed by court-appointed counsel on September 28, 2011, alleged that trial counsel rendered ineffective assistance by dissuading Berch from testifying on his own behalf. On May 9, 2012, the PCRA court dismissed the petition without a hearing, and this timely appeal followed.

We begin by noting that this Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court[2] and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id***. We may affirm a PCRA court's decision on any grounds if it is supported by the record. ***Id***.

On appeal, Berch again claims that trial counsel was ineffective for failing to call him to testify at trial. On a claim of ineffective assistance of counsel,

_____

[2] We note that our review is somewhat hampered by the absence of an opinion written by the PCRA court in support of its decision. A review of the lower court docket indicates that no opinion was filed because the PCRA judge is no longer on the bench. Despite this fact, however, we believe the record as it exists is sufficient to enable us to address Berch's single claim on the merits.

a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014) (internal

citations and punctuation omitted).

A defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard [. . .] states that "whenever there is a 'reasonable possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which

places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the [*Commonwealth v.*] *Pierce*[,527 A.2d 973 (Pa. 1987)] prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019-20 (Pa. Super. 2014)

(internal citations and punctuation omitted).

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to call the appellant to the stand, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Uderra*, 706 A.2d 334, 340 (Pa. 1998) (internal

citations and quotation marks omitted).

Here, Berch claimed in his PCRA petition that

he wanted to tell his story and trial counsel refused to allow him to testify. Trial counsel incorrectly advised that [Berch] was subject to impeachment since his prior criminal record consisted of *crimen falsi* convictions. According to petitioner, trial counsel was in error and [Berch] was not subject to impeachment due to his prior criminal convictions.

Memorandum of Law in Support of PCRA Petition, 9/28/11, at 8.

The PCRA requires a petitioner to plead and prove his claim; therefore,

the dismissal of claims is appropriate where the pleadings are insufficient to

state a claim for post-conviction relief. **Commonwealth v. Williams**, 782 A.2d 517, 526 (Pa. Super. 2001). Here, Berch's petition provided no information as to the exact nature of his prior criminal convictions and made no offer to prove that they did not involve *crimen falsi*.[3] Accordingly, there is no basis in Berch's pleading from which the court could have concluded that counsel's advice not to testify was unreasonable. In addition, Berch's petition does not allege that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. **Uderra**, **supra**. Berch does not assert that trial counsel prevented him from testifying, only that counsel advised him against it.

Finally, Berch does not offer to prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id.** At trial, the Commonwealth presented overwhelming evidence of Berch's guilt. Police testified that they found Berch asleep in a car previously reported stolen, with the engine running, and with the proceeds of many of the robberies and a gun in the trunk. **See** Trial Court

---

[3] In his appellate brief, Berch asserts that his two prior convictions were for carrying firearms on public streets and simple assault. However, these crimes were not specified in his PCRA petition.

Opinion, 11/28/03, at 1. Berch was identified by one of his victims, and also gave a statement to police implicating himself in the robberies. *Id.* at 1-2. In light of this evidence, Berch's self-serving testimony that he was "merely present" at the scene could have had no effect on the outcome of his trial. Accordingly, Berch is unable to establish one of the necessary ineffectiveness prongs and his claim must fail. *Spotz*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2015